## UNITED STATES DISTRICT COURT
### for the
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **VICTOR P. CAPALDI**<br>　　**Plaintiff**<br><br>v.<br><br>**F/V GEORGIE J**, her engines, boilers, equipment, machinery, tackle, furnishings, apparel, appurtenances, etc., including, but not limited to, its commercial fishing licenses, permits, limited entry rights, quotas, moratorium permits/licenses, and all other fishing rights, history, privileges, or entitlements arising from, issued to, attaching to, or appurtenant to said vessel, *in rem*<br>　　**Defendant** | Civil Action<br>No. _____<br><br>04-10843 JLT<br><br>MAGISTRATE JUDGE _____ |

### PLAINTIFF'S VERIFIED COMPLAINT IN ADMIRALTY

Now comes the Plaintiff in the above-entitled matter and for his Verified Complaint, *in rem* against the F/V GEORGIE J, (O.N. 502064), her engines, boilers, equipment, machinery, tackle, furnishings, apparel, appurtenances, etc., including, but not limited to, its commercial fishing licenses, permits, limited entry rights, quotas, moratorium permits/licenses, and all other fishing rights, history, privileges, or entitlements arising from, issued to, attaching to, or appurtenant to said vessel, *in rem,* allege upon information and belief as follows:

### JURISDICTION

1.　　Jurisdiction of this Honorable Court is upon 28 U.S.C. § 1333 in that it is a civil action arising under Title 46, United States Code, § 31301, et seq, more commonly referred to as

the Federal Maritime Lien Act, and the general maritime law of the United States.  This is a case of admiralty and maritime jurisdiction as hereinafter more fully appears and is an admiralty and maritime claim for maritime tort within the meaning of Federal Rules of Civil Procedure Rule 9(h).  Plaintiffs invoke the maritime procedure and relief specified Rule C of the Supplemental Rules for Certain Maritime and Admiralty Claims of the Federal Rules of Civil Procedure for the *in rem* arrest of the vessel.

## PARTIES

2.      The Plaintiff, Victor P. Capaldi, is a resident of Rochester, County of Bristol, Commonwealth of Massachusetts.

3.      The Defendant, F/V GEORGIE J, *in rem,* Official No.: 502064, her engines, boilers, equipment, machinery, tackle, furnishings, apparel, appurtenances, etc., including, but not limited to, its commercial fishing licenses, permits, limited entry rights, quotas, moratorium permits/licenses, and all other fishing rights, history, privileges, or entitlements arising from, issued to, attaching to, or appurtenant to said vessel, is a vessel that is owned and operated by a Massachusetts Corporation, AGA Fishing Corporation, 113 MacArthur Drive, New Bedford, Massachusetts 02740.  The F/V GEORGIE J, is a documented vessel under the laws of the United States bearing the official number #502064.

4.      The F/V GEORGIE J, a scallop boat,   is now, or will be during the pendancy of process herein, within the navigable waters of this district and with the jurisdiction of this Court.

5.      On or about November 25, 2003, the Plaintiff, Victor P. Capaldi, was employed by the AGA Fishing Corporation, as a seaman, and a member of the crew of the F/V GEORGIE J.

6.      On or about November 25, 2003, the F/V GEORGIE J was in navigable waters.

7.      On or about November 25, 2003, while in the in the performance of his duties in the service of the F/V GEORGIE J, the Plaintiff, Victor P. Capaldi, sustained severe personal injuries rendering him a quadriplegic when a piece of equipment fell and struck the Plaintiff.

8.      Prior to and at the time he sustained the above-mentioned personal injuries, the Plaintiff, Victor P. Capaldi, was exercising due care.

## COUNT ONE

### (GENERAL MARITIME LAW - UNSEAWORTHINESS)

9.      The Plaintiff, Victor P. Capaldi, reiterates all of the allegations set forth in Paragraphs 1 through 8 above.

10.      The personal injuries sustained by the Plaintiff, Victor P. Capaldi, were due to no fault of his, but were caused by the Unseaworthiness of the F/V GEORGIE J, including but not limited to the fact that the vessel failed to have equipment that was reasonably fit for its intended purpose and other .

11.      As a result of said injuries, the Plaintiff, Victor P. Capaldi, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

12.      The foregoing injuries and damage entitle the Plaintiff to a maritime lien for the "tort" against said vessel enforceable *in rem* proceedings against the vessel pursuant to Supplemental Admiralty Rule C.

13.      Plaintiff is entitled to perfect said liens in this proceeding by having said vessel arrested, pursuant to the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims.

## COUNT II

### (GENERAL MARITIME LAW - MAINTENANCE and CURE)

14.     The Plaintiff, Victor P. Capaldi, reiterates all of the allegations set forth in Paragraphs 1 through 8 above.

15.     As a result of the personal injuries described in paragraph 7 above, the Plaintiff, Victor P. Capaldi, has incurred and will continue to incur expenses for his maintenance and cure.

16.     The foregoing injuries and damage entitle the Plaintiff to a maritime lien enforceable *in rem* proceedings against the vessel pursuant to Supplemental Admiralty Rule C.

17.     Plaintiff is entitled to perfect said liens in this proceeding by having said vessel arrested, pursuant to the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims.

WHEREFORE, Plaintiff pray:

a.     That a warrant for the arrest of the F/V GEORGIE J, and to all of its components, together with all engines, boilers, equipment, machinery, tackle, furnishings, apparel, appurtenances, etc., including, but not limited to, its commercial fishing licenses, permits, limited entry rights, quotas, moratorium permits/licenses, and all other fishing rights, history, privileges, or entitlements arising from, issued to, attaching to, or appurtenant to said vessel, pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claim of the Federal Rules of Civil Procedure;

b.     That all persons having or claiming to have any interest therein be cited to appear and answer under oath, all and singular the matter aforesaid;

c.     That the plaintiff's claims be adjudged separately valid and enforceable maritime

liens against the whole of the Vessel, and to all its components, together with all engines, boilers, equipment, machinery, tackle, furnishings, apparel, appurtenances, etc., including, but not limited to, its commercial fishing licenses, permits, limited entry rights, quotas, moratorium permits/licenses, and all other fishing rights, history, privileges, or entitlements arising from, issued to, attaching to, or appurtenant to said vessel, together with all and an *in rem* judgment enter in their favor against the Vessel for the full amount of the damages together with interest, costs, attorneys fees and other damages which may be shown at trial;

   d.  That said vessel, and to all its components, engines, boilers, equipment, machinery, tackle, furnishings, apparel, appurtenances, etc., including, but not limited to, its commercial fishing licenses, permits, limited entry rights, quotas, moratorium permits/licenses, and all other fishing rights, history, privileges, or entitlements arising from, issued to, attaching to, or appurtenant to said vessel, be condemned and sold to pay the amount due the Plaintiff, together, with interests, attorney fees and costs; and

   e.  That plaintiff have such other and further relief as the court and justice may deem just and appropriate under the circumstance of the cause.

Respectfully submitted for the
the Plaintiff, Victor P. Capaldi,
by his attorney,

Carolyn M. Latti
BBO #567-394
David F. Anderson
BBO#560-994
LATTI & ANDERSON LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000

Dated: 4-28-04

## VERIFICATION

I,   Victor P. Capaldi, hereby being duly sworn and deposes and says that:

I am  the Plaintiff in the above entitled matter.  I have read the foregoing Verified

Complaint and I know the contents thereof and the same are true to the best of my own

knowledge, except as the matters therein stated to be upon information and belief, and unto those

matters, I believe them to be true.

Signed under the pains and penalties of perjury on this 27th day of  April    2004.

_Victor P. Capaldi_
Victor P. Capaldi

## COMMONWEALTH OF MASSACHUSETTS

Suffolk, ss.

Subscribed and sworn to before me this 27th day of  APRIL    , 200 4

_[signature]_      My commission expires  10/8/10
Notary Public