# UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **VICTOR P. CAPALDI**<br>**Plaintiff** | )<br>)<br>)<br>) |
| | ) Civil Action<br>) No. |
| **v.** | ) |
| | ) 04-10843 JLT |
| **F/V GEORGIE J, her engines, boilers, equipment,**<br>**machinery, tackle, furnishings, apparel, appurtenances,**<br>**etc., including, but not limited to, its commercial fishing**<br>**licenses, permits, limited entry rights, quotas, moratorium**<br>**permits/licenses, and all other fishing rights, history,**<br>**privileges, or entitlements arising from, issued to,**<br>**attaching to, or appurtenant to said vessel,** *in rem*<br>**Defendant** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER FOR THE APPOINTMENT OF A SUBSTITUTE CUSTODIAN

The Court has reviewed Plaintiff's *Ex Parte* Motion and Memorandum of Law for Appointment of a Substitute Custodian and the supporting Affidavit. Upon consideration thereof, this Court has determined that the conditions for appointment of a substitute custodian exist pursuant to the terms of Rule E(4) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. Accordingly, it is hereby:

**ORDERED**, that the United States Marshal for the District of Massachusetts be, and is hereby authorized and directed upon arrest of defendant vessel, F/V GEORGIE J, (O.N. 502064), her engines, boilers, equipment, machinery, tackle, furnishings, apparel, appurtenances, etc., including, but not limited to, its commercial fishing licenses, permits, limited entry rights, quotas,

moratorium permits/licenses, and all other fishing rights, history, privileges, or entitlements arising from, issued to, attaching to, or appurtenant to said vessel, and all other necessaries appurtenant thereto and belonging (hereinafter referred to as "Vessel"), pursuant to the *in rem* Warrant of Arrest, to surrender the possession thereof of the substitute custodian named herein, and that upon such surrender the United States Marshals Service shall be discharged from its duties and responsibilities for the safekeeping of the said Vessel and held harmless from any and all claims arising whatever out of said substitute custodian's possession and safekeeping of the Vessel; it is further

**ORDERED**, that Fairhaven Shipyard & Marina, Inc., 50 Fort Street, Fairhaven, Massachusetts 02719, be, and is hereby, appointed the substitute custodian of the said Vessel to retain the same in its custody for possession and safekeeping until further order of this Court; it is further

**ORDERED**, that the substitute custodian may from time to time come before this Court and suggest other matters it might undertake for the reasonable safekeeping, security and preservation of said Vessel; it is further

**ORDERED**, that as outlined in the custodian's affidavit, all expenses incurred by the substitute custodian of towage, upland storage and/or wharfage, safekeeping and preservation of defendant Vessel shall be deemed *in custodia legis* expenses of the United States Marshal; and it is further

**ORDERED**, that the plaintiff's attorneys shall serve a copy of this Order for the Appointment of Substitute Custodian upon the owner of defendant Vessel.

Dated at Boston, Massachusetts on this **28** day of _____April_____, 2004.

_____
United States District Judge

Presented by:
Carolyn M. Latti (BBO #567394)
David F. Anderson (BB) #560994)
LATTI & ANDERSON LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000

3