```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| **VICTOR P. CAPALDI,** | CIVIL ACTION |
|     Plaintiff, | NO: 04-10843-JLT |
| vs. | |
| **F/V GEORGIE J, her engines, boilers, equipment, machinery, tackle, furnishings, apparel, appurtenances, etc., including but not limited to, its commercial fishing licenses, permits, limited entry rights, quotas, moratorium permits/licenses, and all other fishing rights, history, privileges, or entitlements arising from, issued to, attaching to, or appurtenant to said vessel,** *in rem* | |
|     Defendant. | |

### ANSWER OF CLAIMANT, WARREN ALEXANDER, TO PLAINTIFF'S VERIFIED COMPLAINT IN ADMIRALTY

Now comes the Claimant, Warren Alexander, by his counsel, Clinton & Muzyka, P.C., and files his Answer to Plaintiff's Verified Complaint in Admiralty as follows.

**JURISDICTION**

1.  The allegations contained in paragraph 1 are statements of law to which no answer is required of this Claimant. To the extent an answer is required, Claimant denies each and every allegation therein.

## PARTIES

2.   The Claimant denies knowledge or information sufficient to form a belief as to the truth to the allegations contained in paragraph 2 and, therefore, denies same.

3.   The Claimant admits that the F/V GEORGIE J is currently owned and operated by AGA Fishing Corporation, but states that it is under a Purchase and Sale Agreement to Claimant, Warren Alexander.

4.   The Claimant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 and, therefore, denies same.

5.   The Claimant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 and, therefore, denies same.

6.   The Claimant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 and, therefore, denies same.

7.   The Claimant denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 7 and, therefore, denies same.

8. The Claimant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and, therefore, denies same.

## COUNT ONE

**(GENERAL MARITIME LAW - UNSEAWORTHINESS)**

9. The Claimant, Warren Alexander, reiterates and reaffirms his answers to the allegations contained in paragraphs 1 through 8, inclusive, as though fully set forth herein.

10. The Claimant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 and, therefore, denies same.

11. The Claimant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and, therefore, denies same.

12. The allegations contained in paragraph 12 are statements of law to which no answer is required of this Claimant. To the extent an answer is required, Claimant denies same.

13.  The allegations contained in paragraph 13 are statements of law to which no answer is required of this Claimant.  To the extent an answer is required, Claimant denies same.

**WHEREFORE**, the Claimant prays that this Honorable Court dismiss with prejudice Count I of Plaintiff's Verified Complaint together with costs and reasonable attorney's fees.

## COUNT TWO

### (GENERAL MARITIME LAW – MAINTENANCE AND CURE)

14.  The Claimant, Warren Alexander, reiterates and reaffirms his answers to the allegations contained in paragraphs 1 through 8, inclusive, as though fully set forth herein.

15.  The Claimant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and, therefore, denies same.

16.  The Claimant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 and, therefore, denies same.

17.  The allegations contained in paragraph 17 are statements of law to which no answer is required of this

Claimant.  To the extent an answer is required, Claimant denies same.

**WHEREFORE**, the Claimant prays that this Honorable Court dismiss with prejudice Count II of Plaintiff's Verified Complaint together with costs and reasonable attorney's fees.

### AFFIRMATIVE DEFENSES

The Claimant incorporates the following Affirmative Defenses into each and every Count of his Answer as follows:

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Claimant states that the Verified Complaint fails to state a claim upon which relief can be granted.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Claimant states that he has entered into a Purchase and Sale Agreement for the vessel and that this Honorable Court should enforce this Purchase and Sale Agreement and not order a sale of the vessel.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Claimant incorporates by reference herein his Claim and all rights attendant thereto, including the right to seek specific performance under the Purchase and Sale Agreement.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Claimant prays this Honorable Court find that the claim of maritime lien is limited to the vessel and its appurtenances and not to any licenses retained by the vessel owner.

**WHEREFORE**, the Claimant prays that this Honorable Court dismiss with prejudice of Plaintiff's Verified Complaint together with costs and reasonable attorney's fees.

### COUNTERCLAIM

Now comes the Claimant, Warren Alexander, by his counsel, and counter-claims for specific performance, praying that this Court order the transfer of the vessel from AGA Fishing Corporation, pursuant to the terms and conditions of the Purchase and Sale Agreement.

1. Claimant, Warren Alexander, has a principal place of business at 607 Seashore Road, Cape May, New Jersey.

2. AGA Fishing Corporation is a Massachusetts corporation with a principal place of business at 113 MacArthur Drive, New Bedford, Massachusetts and is the owner of the F/V GEORGIE J (O.N. 502064).

3.   On April 5, 2004, AGA Fishing Corporation entered into a Purchase and Sale Agreement with Warren Alexander for the sale of the F/V GEORGIE J (O.N. 502064) and its appurtenances, including the Northeast Federal Fishery Permits Number 410046, as detailed in the terms and conditions of the Purchase and Sale Agreement.

4.   The terms and conditions of the Purchase and Sale Agreement entered into between AGA Fishing Corporation and Warren Alexander are fair and reasonable and not in contravention of any lien holder's rights.

5.   Delivery of the vessel has been extended until July 6, 2004.

6.   It is anticipated that AGA Fishing Corporation will be unable to deliver the vessel due its arrest in the action herein.

**WHEREFORE,** the Claimant, Warren Alexander, prays this Honorable Court Order the follow:

   a.   Specific performance of the Purchase and Sale Agreement under the terms and conditions as contained therein;

   b.   That the vessel be sold free and clear of all liens;

   c.   Such other further relief as this Honorable Court deems just and proper.

                Respectfully submitted,
                By his attorneys,

**CLINTON & MUZYKA, P.C.**

<u>**"/s/ Robert E. Collins"**</u>
**Robert E. Collins**
**BBO NO. 555843**
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165

Dated:  June 24, 2004