UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VICTOR P. CAPALDI,<br>    Plaintiff, | CIVIL ACTION<br>NO: 04-10843-JLT |
| vs. | |
| F/V GEORGIE J, her engines, boilers, equipment, machinery, tackle, furnishings, apparel, appurtenances, etc., including but not limited to, its commercial fishing licenses, permits, limited entry rights, quotas, moratorium permits/licenses, and all other fishing rights, history, privileges, or entitlements arising from, issued to, attaching to, or appurtenant to said vessel, *in rem*<br>    Claimant. | |

### CLAIMANT, AGA FISHING CORPORATION'S, ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT IN ADMIRALTY

Now comes the Claimant, AGA Fishing Corporation, in the above-entitled action, by and through its undersigned counsel, Clinton & Muzyka, P.C., and answers the allegations contained in Plaintiff's Verified Complaint in Admiralty as follows:

JURISDICTION

1. The allegations contained in Paragraph No. 1 are allegations of law not requiring a response, but to the extent that a response is required, the Claimant denies all the allegations contained therein.

## PARTIES

2. The Claimant lacks personal knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 2 and, therefore, denies same.

3. The Claimant admits that it owns and operated the F/V GEORGIE J and that it is a documented vessel bearing Official Number 502064. The remaining allegations contained in Paragraph No. 3 are allegations of law not requiring a response, but to the extent that a response is required, the Claimant denies all the remaining allegations.

4. The Claimant admits the allegations contained in Paragraph No. 4.

5. The Claimant admits that it employed the plaintiff on or about November 25, 2003. The remaining allegation contained in Paragraph No. 5 is allegation of law not requiring a response, but to the extent that a response is required, the Claimant denies all the remaining allegations.

6. The Claimant admits the allegations contained in Paragraph No. 6.

7. The Claimant admits the allegations contained in Paragraph No. 7.

8. The Claimant lacks personal knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 8 and, therefore, denies same.

**COUNT ONE**
(GENERAL MARITIME LAW - UNSEAWORTHINESS)

9. The Claimant reiterates and reaffirms its answers to the allegations set forth in Paragraphs 1 through 8 inclusive and incorporate same as if fully set forth herein.

10. The Claimant denies the allegations contained in Paragraph No. 10.

11. The Claimant admits that the plaintiff has incurred medical expenses, which have been paid by the Claimant, as a result of the injury he sustained on or about November 25, 2003 while onboard the F/V GEORGIE J.  The Claimant lacks personal knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph No. 11 and, therefore, denies same.

12. The allegation contained in Paragraph No. 12 is an allegation of law not requiring a response, but to the extent that a response is required, the Claimant denies all the allegations contained therein.

13. The allegation contained in Paragraph No. 13 is an allegation of law not requiring a response, but to the extent that a response is required, the Claimant denies all the allegations contained therein.

**WHEREFORE**, the Claimant, AGA Fishing Corporation, prays that this Honorable Court dismiss with prejudice Count I of Plaintiff's Verified Complaint in Admiralty and award it reasonable attorney's fees and costs.

### COUNT II
(GENERAL MARITIME LAW – MAINTENANCE & CURE)

14. The Claimant reiterates and reaffirms its answers to the allegations set forth in Paragraphs 1 through 8 inclusive and incorporate same as if fully set forth herein.

15. The Claimant admits that the plaintiff has incurred medical expenses, which have been paid by the Claimant, as a result of the injury he sustained on or about November 25, 2003 while onboard the F/V GEORGIE J.  The Claimant lacks personal knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph No. 15 and, therefore, denies same.

16. The allegation contained in Paragraph No. 16 is an allegation of law not requiring a response, but to

the extent that a response is required, the Claimant denies all the allegations contained therein.

17. The allegation contained in Paragraph No. 17 is an allegation of law not requiring a response, but to the extent that a response is required, the Claimant denies all the allegations contained therein.

**WHEREFORE**, the Claimant, AGA Fishing Corporation, prays that this Honorable Court dismiss with prejudice Count II of Plaintiff's Verified Complaint in Admiralty and award it reasonable attorney's fees and costs.

### AFFIRMATIVE DEFENSES

The Claimant, AGA Fishing Corporation, incorporates the following Affirmative Defenses into its Answer to Plaintiff's Amended Complaint as follows:

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Claimant states that there has been insufficiency of process and Service of Process.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Claimant states that the plaintiff has failed to join an indispensable party.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Claimant states that the damages allegedly sustained by the plaintiff resulted in whole or in part from his own negligence and failure to exercise the degree

of care and skill reasonably required of a fisherman and seaman and not due to any negligence or fault on the part of the vessel.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Claimant states that the plaintiff's alleged injuries resulted in whole or in part from an Act of God or a condition not created by the Claimant, its employees, servants, or agents or the vessel.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Claimant states that plaintiff's alleged injuries resulted in whole or in part from the acts and/or omissions of a person or persons over whom the Claimant and/or vessel had no control and for whom the Claimant and/or vessel was and is not responsible.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Claimant states that if the plaintiff sustained damages as alleged, the condition that caused or contributed to his injuries was without the fault, knowledge or privity of the Claimant and/or vessel; and that the damages claimed herein may exceed the value of the vessel, including its pending cargo; and the Claimant herewith claims benefit of any and all laws and statutes of the United States of America, or and concerning

limitation of liability of the Claimant and/or vessel, 46 U.S.C.S. Appx. §183(b).

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Claimant states that the plaintiff is not entitled to maintenance and cure because his alleged injuries were caused by his own willful misconduct.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Claimant states that the plaintiff is not entitled to maintenance and cure because his alleged injuries were caused by his willful concealment of a disabling condition.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Claimant states that the plaintiff has reached maximum medical improvement for the condition for which he allegedly sustained onboard the vessel and therefore is now beyond the Claimant's and/or vessel's responsibility for maintenance and cure.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Claimant states that Count II of Plaintiff's Complaint should properly be dismissed because it timely and fully satisfied its obligations for maintenance and cure under the General Maritime Law.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Claimant states that the plaintiff has failed to mitigate his damages.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the Claimant states and incorporates by reference herein its Claim and all rights attendant thereto, including its rights to the vessel pursuant to Supplemental Rules (C) and (E) for Certain Admiralty and Maritime Claims.

**WHEREFORE**, the Claimant, AGA Fishing Corporation, prays that this Honorable Court dismiss with prejudice Plaintiff's Verified Complaint in Admiralty and Order the United States Marshall to release the F/V GEORGIE J from its custody without the requirement of a bond or any other type of security.

By its attorneys,

**CLINTON & MUZYKA, P.C.**

_"/s/Thomas J. Muzyka"_
Thomas J. Muzyka
BBO NO: 365540
Kenneth M. Chiarello
BBO NO: 639274
One Washington Mall
Suite 1400
Boston, MA 02108

Dated: June 24, 2004