UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VICTOR P. CAPALDI ) <br>     Plaintiff ) <br> ) <br> ) <br> v. ) <br> ) <br> ) <br> F/V GEORGIE J, her engines, boilers, equipment, ) <br> machinery, tackle, furnishings, apparel, appurtenances, ) <br> etc., including, but not limited to, it s commercial fishing ) <br> licenses, permits, limited entry rights, quotas, moratorium ) <br> permits/licenses, and all other fishing rights, history, ) <br> privileges, or entitlements arising from, issued to, ) <br> attaching to, or appurtenant to said vessel, in rem ) <br>     Defendant ) <br> ) | Civil Action <br> No.04-10843-JLT |

**PLAINTIFF'S OPPOSITION TO CLAIMANT'S AGA FISHING CORPORATION MOTION TO STAY THE PROCEEDINGS**

Now comes the Plaintiff Victor P. Capaldi and, by and through his attorney, submits Plaintiff's Opposition to Claimant's AGA Fishing Corporations Motion to Stay Proceedings. As grounds, the Plaintiff states the following:

The Plaintiff was employed as a seaman and member of the crew of the F/V GEORGIE J. The F/V GEORGIE J, a scalloper, is owned by AGA Fishing Corporation. The president, treasurer, clerk and director of the AGA Fishing Corporation is Antoinette Jones.

On November 25, 2003, the vessel was scalloping. While the Plaintiff was standing on the deck a block, hanging approximately 20 feet overhead, fell and struck the Plaintiff. At this time, it appears that the connecting piece that was holding the block parted/failed. As a result,

the Plaintiff was rendered a quadriplegic. After the accident, the Plaintiff was in several hospitals and a rehabilitation facilities for over three and half months. The Plaintiff currently resides at his parents house in Rochester, Massachusetts where his parents and nurse's aides provide around the clock care of the Plaintiff. Plaintiff has sustained damages for pain and suffering, mental anguish, lost wages and future medical care. Plaintiff's estimated cost of care of medical care alone is in the millions of dollars.

On March 15, 2004, Plaintiff sent a letter of representation AGA Fishing Corporation and its insurance adjuster. On March 17, 2004, a Notice of Lien for the F/V GEORGIE J was filed with the National Vessel Documentation Center, with certified notice sent to AGA Fishing Corporation and Luzo Community Bank, which holds approximately $130,000.00 mortgage on the F/V GEORGIE J.

On May 2, 2004, pursuant to a Court order, the F/V GEORGIE J was arrested and seized. The vessel is in the custody of United States Marshalls with Fairhaven Shipyard being appointed substitute custodian.

Since the arrest of the vessel, the parties have attempted to settle this case. According to representation made by Defense counsel, the vessel was insured for $250,000.00 with excess coverage of $750,000.00. On June 16, 2004, Ms. Latti and Mr. Anderson, Plaintiff's counsel met with Mr. Muzyka, counsel for AGA Fishing Corporation and Mrs. Jones, individually, in an attempt to resolve the matter. At the meeting, Mr. Muzyka provided for the first time an alleged Purchase and Sale agreement for $900,000.00 for the F/V GEORGIE J between Mrs. Jones, the owner, and a potential buyer, Mr. Warren Alexander, dated April 5, 2004. Plaintiff's counsel strongly questions the validity as to the date when this Purchase and Sale agreement was entered

into and whether it was an arms length transaction in regards to the purchase price of the F/V GEORGIE J for $900,000.00 and for the terms of the agreement[1]. Nine hundred thousand dollars is not the fair market value of the vessel. The F/V GEORGIE J'S value with its permits, sold at auction is between $1,100,000.00 and $1,500,000.00.

      Mr. Muzyka presented a settlement offer which had several conditions on it which Plaintiff flat out refused to. One of the conditions was that the settlement offer was conditioned upon the vessel being sold **only** to Mr. Alexander in a private sale. At the meeting, Mr. Muzyka threatened that Mr. Alexander, the potential buyer, was being represented by his partner at Clinton & Muzyka, P.C., Mr. Robert Collins and that Mr. Collins, on behalf of Mr. Alexander, was going to intervene and move to enforce the sale of the contract[2]. Rather than promoting the settlement of the action by obtaining the most money for the Plaintiff at an auction of the F/V GEORGIE J, Mr. Muzyka instead has conditioned any settlement on the boat being sold only to Mr. Alexander. On the face, it would appear that Clinton & Muzyka representing the seller, Mrs. Jones, the buyer, Mr. Alexander and AGA Fishing Corp, a tremendous conflict would exist. However, the conflict seems to disappear for Clinton and Muzyka and all the parties he represents even though the F/V GEORGIE J is worth between $1.1-1.5 million dollars and the alleged purchase and sale contract is only $900,000.00.

      Settlement negoitations in this case are exhausted. Mr. Muzyka has forestalled settlement in this case by conditioning any settlement on the sale of the vessel, to his client, Warren

---

[1] Despite Mrs. Jones being on notice since the date of the accident of the Plaintiff's lien and having received written verification of the Plaintiff's lien on March 17, 2004, the purchase and sale agreement warranted that the "vessel was free of all liens, claims, and encumbrances of every kind and description."
[2] Mr. Alexander has filed a claim and is represented by Clinton & Muzyka, P.C.

Alexander and has put other conditions on the settlement which the Plaintiff does not agree too.

A party requesting a stay must make a clear case of hardship or inequity in being required to proceed with the case. <u>Landis v. North American Co. Same,</u> 299 U.S. 248, 254-255 (1936). A stay should only be granted in rare circumstances. <u>Driver v. Helms,</u> 402 F. Supp. 683, 684 (D.R.I. 1975). The Defendant has not met its burden in requesting a stay of the action. Failing to accept Defendant's conditional offer of settlement is not grounds for a stay. The Plaintiff will not agree to Defendant's conditions of settlement and the amount of settlement. A stay will not change that. Staying the action does not decrease costs either. Rather, the Plaintiff must still pay for the cost of storing the vessel. The stay only benefits the Defendant since it prevents Plaintiff from obtaining discoverable information and the selling the F/V GEORGIE J at a public auction. The best mechanism for resolution of this actions is for discovery to proceed and for a public auction of the F/V GEORGIE J to occur. A public auction would be an arms length transaction.

Based on the foregoing, the Plaintiff respectfully requests that this Honorable Court deny Defendant's Motion to Stay the Proceeding.

**WHEREFORE,** the Plaintiff respectfully requests that this Honorable Court deny Claimant's Motion to Stay the Proceeding.

                    Respectfully submitted for the
                    the Plaintiff, Victor P. Capaldi,
                    by his attorney,


/s/ Carolyn M. Latti
/s/ Carolyn M. Latti
BBO #567-394
David F. Anderson
BBO#560-994
LATTI & ANDERSON LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000

Dated: