UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VICTOR P. CAPALDI <br>     Plaintiff <br><br> v. <br><br> F/V GEORGIE J, her engines, boilers, equipment, machinery, tackle, furnishings, apparel, appurtenances, etc., including, but not limited to, it s commercial fishing licenses, permits, limited entry rights, quotas, moratorium permits/licenses, and all other fishing rights, history, privileges, or entitlements arising from, issued to, attaching to, or appurtenant to said vessel, *in rem* <br>     Defendant | Civil Action <br> No-04-10843-JLT |

## ANSWER OF PLAINTIFF, VICTOR P. CAPALDI TO WARREN ALEXANDER'S COUNTER CLAIM

Now comes the Plaintiff in the above entitled matter and by and through his attorneys, Latti & Anderson LLP files his Answer to Claimant, Warren Alexander's Counterclaim.

1.    The Claimant denies knowledge or information sufficient to form a belief as to the truth to the allegations contained in paragraph 1, and, therefore, denies same.

2.    The Claimant denies knowledge or information sufficient to form a belief as to the truth to the allegations contained in paragraph 2, and, therefore, denies same.

3.    The Claimant denies knowledge or information sufficient to form a belief as to the truth to the allegations contained in paragraph 3, and, therefore, denies same.

4.    The Claimant denies knowledge or information sufficient to form a belief as to the

truth to the allegations contained in paragraph 4, and, therefore, denies same.

     5.     The Claimant denies knowledge or information sufficient to form a belief as to the truth to the allegations contained in paragraph 5, and, therefore, denies same.

     6.     The Claimant denies knowledge or information sufficient to form a belief as to the truth to the allegations contained in paragraph 6, and, therefore, denies same.

**WHEREFORE**, the Plaintiff prays that this Honorable Court dismiss with prejudice Warren Alexander's counterclaim together with costs and reasonable attorney's fees and that this Court order the Purchase and Sale Agreement null and void.

### AFRIMATIVE DEFENSES

The Plaintiff incorporates the following Affirmative Defenses into his Answer as follows:

**AND FURTHER ANSWERING, AND AS A COMPELTE AND SEPARATE DEFENSE,** the Plaintiff states that the Verified Complaint fails to state a claim upon which relief can be granted.

**AND FURTHER ANSWERING, AND AS A COMPELTE AND SEPARATE DEFENSE,** the Plaintiff states that the Purchase and Sale Agreement is fraudulent and should be declared null and void.

**AND FURTHER ANSWERING, AND AS A COMPELTE AND SEPARATE DEFENSE,** the Plaintiff states that the Counterclaim should be dismissed as the counterclaim is not verified in accordance with the Federal Rules of Civil Procedure, Admiralty and Maritime Claims.

**AND FURTHER ANSWERING, AND AS A COMPELTE AND SEPARATE DEFENSE,** the Plaintiff states that the Purchase and Sale Agreement has expired and is no longer in effect and therefore should be dismissed.

**WHEREFORE**, the Plaintiff prays that this Honorable Court dismiss with prejudice Warren Alexander's counterclaim together with costs and reasonable attorney's fees and that this Court order the Purchase and Sale Agreement null and void.

Respectfully submitted for the
the Plaintiff, Victor P. Capaldi,
by his attorney,

/s/ Carolyn M. Latti
/s/ Carolyn M. Latti
BBO #567-394
David F. Anderson
BBO#560-994
LATTI & ANDERSON LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000

Dated: July 22, 2004