UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| VICTOR P. CAPALDI )<br>    Plaintiff )<br> )<br> )<br> )<br>v. )<br> )<br> )<br>F/V GEORGIE J, her engines, boilers, equipment, )<br>machinery, tackle, furnishings, apparel, appurtenances, )<br>etc., including, but not limited to, it s commercial fishing )<br>licenses, permits, limited entry rights, quotas, moratorium )<br>permits/licenses, and all other fishing rights, history, )<br>privileges, or entitlements arising from, issued to, )<br>attaching to, or appurtenant to said vessel, *in rem* )<br>    Defendant )<br> )<br> ) | Civil Action<br>No-04-10843-JLT |

**MEMORANDUM OF LAW IN SUPPORT OF VICTOR CAPALDI'S MOTION TO DISMISS CLAIMANT'S WARREN ALEXANDER'S COUNTERCLAIM AND CLAIM**

Now comes the Plaintiff and Counter Defendant(hereinafter Capaldi) in the above-entitled matter and by and through his attorneys, submits Victor Capaldi's Motion to Dismiss Claimant Warren Alexander's Counterclaim and Claim.    As grounds, Capaldi states the following:

On June 18, 2004, Warren Alexander filed a Claim pursuant to Supplemental Rules (C) and (E) for certain admiralty and maritime claims.

On June 24, 2004, Warren Alexander filed an Answer to Complaint and Counterclaim against Victor Capaldi.

Federal Rules of Civil Procedure, Supplemental Rule C(6)(b) states that

>    in a in rem action not governed by Rule C(6)(a):
>>    (i) A person who asserts a right of possession or any ownership interest in the property that is the subject of the action must file a *verified statement* of right or interest.(emphasis added)

Neither Counterclaim or Claim of Warren Alexander is verified in accordance with Supplemental Rule C(6)(b). Having both the Counterclaim and Claim signed by Warren Alexander under the pains and penalties of perjury is of particular importance in this action since Capaldi's counsel strongly questions the authenticity of the Purchase and Sale agreement, the validity as to the date when this Purchase and Sale agreement was entered into, whether it was an arms length transaction in regards to the purchase price of the F/V GEORGIE J for $900,000.00 and the validity of the agreement[1]. Based on the Claimant Alexander's failure to comply with Supplemental Rule C(6)(b), Claimant's Counterclaim and Claim should be dismissed.

WHEREFORE, Capaldi respectfully requests that this Honorable Court dismiss Warren Alexander's Counterclaim and Claim.

>    Respectfully submitted for the
>    the Plaintiff and Counter Defendant, Victor P. Capaldi,
>    by his attorney,
>
>
>    /s/ Carolyn M. Latti
>    /s/ Carolyn M. Latti
>    BBO #567-394
>    David F. Anderson
>    BBO#560-994
>    LATTI & ANDERSON LLP
>    30-31 Union Wharf
>    Boston, MA 02109

---

[1] Despite the owner of the vessel being on notice since the date of the accident of the Capaldi's lien and having received written verification of the Capaldi's lien on March 17, 2004, the purchase and sale agreement warranted that the "vessel was free of all liens, claims, and encumbrances of every kind and description."

(617) 523-1000

Dated: July 22, 2004