UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VICTOR P. CAPALDI<br>　　Plaintiff<br><br>v.<br><br>F/V GEORGIE J, her engines, boilers, equipment, machinery, tackle, furnishings, apparel, appurtenances, etc., including, but not limited to, its commercial fishing licenses, permits, limited entry rights, quotas, moratorium permits/licenses, and all other fishing rights, history, privileges, or entitlements arising from, issued to, attaching to, or appurtenant to said vessel, *in rem*<br>　　Defendant | Civil Action<br>No. 04-10843-JLT |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR INTERLOCUTORY SALE OF F/V GEORGIE J ON SEPTMBER 10, 2004**

Now comes the Plaintiff, Victor Capaldi, in the above-entitled matter and respectfully requests the Defendant vessel F/V GEORGIE J (O.N. 502064), her engines, boilers, equipment, machinery, tackle, furnishings, apparel, appurtenances, etc., including, but not limited to, its commercial fishing licenses, permits, limited entry rights, quotas, moratorium permits/licenses, and all other fishing rights, history, privileges, or entitlements arising from, issued to, attaching to, or appurtenant to said vessel, (hereinafter referred to as the "Vessel"), be condemned and sold at public auction for the highest price that can be obtained at a location, for the Court to schedule a confirmation hearing for some convenient date thereafter and to bring and deposit the proceeds of the sale into the registry of the Court.

**I.      FACTS**

The Plaintiff, Victor Capaldi was employed as a seaman and member of the crew of the F/V GEORGIE J. The F/V GEORGIE J, a scalloper, is owned by AGA Fishing Corporation. On November 25, 2003, when the vessel was scalloping, the Plaintiff was standing on the deck and a block, hanging approximately 20 feet overhead, fell and struck the Plaintiff. At this time, it appears that the connecting piece that was holding the block parted/failed. As a result, the Plaintiff was rendered a quadriplegic.

On April 28, 2004, Plaintiff filed the above-captioned action against the F/V GEORGIE J to enforce a maritime lien for a tort arising under the general maritime law, as amended and recodified in the Commercial Instruments and Maritime Lien Act, 46 U.S.C. §31301, *et seq*. On that day, this Honorable Court issued process in the form of an *in rem* warrant of arrest against the F/V GEORGIE J. The United States Marshal served the Warrant upon the F/V GEORGIE J on May 4, 2004 while she lay afloat in New Bedford, Massachusetts. Thereafter, the Marshals Service transferred custody of the F/V GEORGIE J to the court-appointed substitute custodian, Fairhaven Shipyard & Marina, Inc.

On May 4, 2004 and May 5, 2004, Plaintiff's counsel by certified mail, return receipt requested served notice of this action and arrest to the owner of the F/V GEORGIE J, AGA Fishing Corporation and the lien holder(s) on record with the United States Coast Guard's National Vessel Documentation Center, Luzo Community Bank.

On June 3, 2004, this Honorable Court granted Plaintiff's Ex Parte Motion for Order of Public Notice of Action and Arrest. This Court ordered that notice of the arrest and seizure be published once a week for two consecutive weeks in the New Bedford Standard Times and the

Boston Herald. According to the Order, notice was published in the Boston Herald and Standard Times on June 15th and 22nd 2004.

On May 12, 2004 and June 18, 2004, a claim was filed by the owner of the F/V GEORGIE J and Warren Alexander, an alleged potential buyer, respectively, pursuant to Supplemental Rules (C) and (E). On June 24, 2004, an answer was filed by both AGA Fishing Corp and Warren Alexander. Additionally, Warren Alexander asserted a counterclaim against the Plaintiff, Victor Capaldi.

Up until the filing of this motion, no person has secured the F/V GEORGIE J's release by posting security within the time prescribed under Rule E(5) of the Supplemental Rules.

The total insurance available from AGA Fishing Corporation is one million dollar policy. However, it is drawn down by medical bills and Defendant's attorneys fees. Over $500,000.00 has already been paid out in maintenance and cure and Defendant's attorney fees. The F/V GEORGIE J'S value with its permits, sold at auction is between $1,100,000.00 and $1,500,000.00.

As of date, the Plaintiff has incurred $13,000.00 in costs in the storage of the F/V GEORGIE J at Fairhaven Shipyard. The monthly storage costs of the F/V GEORGIE J are approximately $3,000.00 to $4,000.00 a month.

The Plaintiff currently resides at his parents house in Rochester, Massachusetts where his parents and nurse's aides provide around the clock care of the Plaintiff. Plaintiff has sustained damages for pain and suffering, mental anguish, lost wages and future medical care. Plaintiff's estimated cost of care of medical care alone, is in the millions of dollars. Due to the limited insurance proceeds and the Plaintiff's damage claim worth millions of dollars, the goal is to

maximize the available assets from the sale of the vessel. The best mechanism to maximize the assets from the sale is to sell the vessel at a public auction forewith.

**II.    LAW**

Rule E(9)(b) of the Supplemental Rules for Certain Admiralty and Maritime Claims provide the basis for the sale of the F/V GEORGIE J. Rule E(9)(b) states:

(b)    *Interlocutory Sales; Delivery*

(i)    On application of a party, the marshal or other person having custody of the property, the court may order all or part of the property sold- with the sale proceeds, or as much of them as will satisfy the judgment, paid into the court to await further orders of the court---if

(A) the attached or arrested property is perishable, or liable to deterioration, decay, or injury by being detained in custody pending the action;

(B) the expense of keeping the property is excessive or disproportionate, or

(C) there is unreasonable delay in securing the release of the property.

In order to prevail on a Motion for Interlocutory Sale, the moving party must only meet one of the aforementioned criteria. Silver Star Enterprises, Inc. v. M/V SARAMACCA, 19 F.3d 1008, 1014 (5th Cir. 1994), 20th Century Fox Film Corporation v. M.V. Ship Agencies, 992 F.Supp. 1434, 1437 (M.D. FL 1997). Each of the aforementioned criteria warrants the sale of he F/V GEORGIE J.

By allowing the F/V GEORGIE J to lay idle at dock, the value of the vessel decreases and the expenses increase. The F/V GEORGIE J is a scallop vessel with limited days allowed to scallop. Currently, the scallop grounds are open and the F/V GEORGIE J is entitled to fish in the grounds. If the F/V GEORGIE J does not use up the days before the grounds close, then the days are lost. The permits the F/V GEORGIE J holds and number of days scalloping it holds is

4

what makes the F/V GEORGIE J valuable and is what will bring the highest price for the vessel at auction day. Therefore, in order to obtain the highest price for the vessel it is in the best interest to auction the vessel earlier in the litigation rather than later when the days to scallop can not be used.

The excessive cost of storage and maintaining the vessel warrants the sale of the F/V GEORGIE J. In <u>Stevard & Stevenson Services, Inc. v M/V CHRIS WAY</u> MacMillan, 890 F.Supp. 552,564 (N.D.MI 1995), the Court held that $150.00 a day storage costs plus the cost of insurance was excessive and warranted the interlocutory sale of the F/V GEORGIE J. *See also,* <u>Caterpillar Financial Services Corporation v. Coleman</u>, 2000 A.M.C. 539 (1999)(cost of $1,400.00 per month was excessive warranting sale of vessel), <u>Pee Dee State Bank v. F/V WILD TURKEY</u>, 1992 A.M.C. 1896 (D.S.C. 1991) (excessive cost of $475 a month in storage warranted interlocutory sale). Over the past three months since the arrest of the F/V GEORGIE J, the Plaintiff's have spent over $13,000.00 in storage costs of the F/V GEORGIE J at Fairhaven Shipyard. The monthly costs are $3,000.00-$4,000.00 a month, averaging in the range of $100.00 to $150.00 a day. Also, the wiring/cable from the batteries to the generators need to be replaced and it will cost over a $1,000.00 to repair. By allowing the vessel to lay idle, the excessive expenses to store and maintain the vessel will increase and is only decreasing the available security. Therefore, this Honorable Court should order the interlocutory sale of the F/V GEORGIE J.

Since the arrest of the F/V GEORGIE J, there has not been any attempt to release the F/V GEORGIE J. The failure to obtain security and/or post a bond as early from two months from the time of the arrest has been held to be an unreasonable delay. <u>Salzar c. Atlantic Sun,</u> 881 F.2d

5

73 (3rd Cir. 1989)(failure to post bond within 2 month period court order deadline was unreasonable delay warranting interlocutory sale), Ferrous Fin. Serv. Co. v. O/S Arctic Producer, 567 F.Supp. 400, 401 (W.D.Wash. 1983)(four month period in which no bond was sought warrants interlocutory sale), Caterpillar Financial Services Corporation v. Coleman, 2000 A.M.C. 539 (C.D.A. 1999)( failure to post bond within four months of seizure was unreasonable), Pee Dee State Bank v. F/V WILD TURKEY, 1992 A.M.C. 1896 (D.S.C. 1991) (failure to post security in three month time period is unreasonable delay warranting sale), Bollinger Quick Repair, L.L.C. v. Le Pelican MV, 2000 WL 798497 *1-2 (E.D. LA) (four months was unreasonable delay); Neptune Orient Lines, Ltd. v. Halla Merchant Marine Co., Ltd, 1998 WL 128993, *21 (E.D. La 1998)(three and half months unreasonable delay) Triton Container International Limited v. Compania Anonima Venezolana De Navegacion, 1995 WL 341579, *3-4 (D. Guam)(four months unreasonable), *See also* Silver Star Enterprises, Inc., 19 F.3d at 1014 (failure to post bond within 7 month time period was unreasonable delay), Merchants National Bank of Mobile v. Dredge General G.L. Gillespie, 663 F.2d 1338, 1341-1342(failure to post security, enter a stipulation or otherwise attempt the release of the vessel within 8 months after arrest was unreasonable delay). A delay in posting a bond coupled with no end in sight regarding the adjudication of the merits of the lawsuit is unreasonable and warrants a sale of the vessel. 20th Century Fox Film Corporation, 992 F.Supp. at 1438). Three months have past since the arrest of the F/V GEORGIE J. Not one party claiming an interest in the F/VGEORGIE J has posted a bond or provided any type of security. The failure to post security over the past three months is unreasonable and entitles the Plaintiff to an auction of the F/V GEORGIE J.

In regards to the interlocutory sale, the Plaintiff's request that this Honorable Court set a minimum bid of $1,000,000.00 at the auction. <u>EffJohn International Cruise Holdings, Inc.</u>, 346 F.3d 552, 558 (5th Cir. 2003)(court allowed interlocutory sale with minimum bid of $1,500,000.00), <u>Coast Engine and Equipment Corporation v. Sea Harvester, Incorporated and M/V SEA HARVESTER</u>, 641 F.2d 723, 725 (9th Cir. 1981)(court ordered interlocutory sale with minimum bid of $450,00.00). Further, once the vessel is sold, the proceeds from the sale of the vessel are deposited into the registry of the Court and the proceeds act as a substitute for the res of the vessel. Rule E(9)(c), <u>Crabtree v. SS JULIA</u>, 290 F.2D 478, 481 (5th Cir. 1961).

There is nothing to gain and there is no benefit to any party by allowing the F/V GEORGIE to remain laying afloat in New Bedford, Massachusetts. This case is not going to settle and is going to require discovery and a trial which most likely take about a year or more to complete. *See Plaintiff's Opposition to Defendant's Motion to Stay.* During that time, the value of the F/V GEORGIE J is decreasing and expenses of maintaining and storing the F/V GEORGIE J are increasing. At the end of the litigation if the F/V GEORGIE J is not sold at an interlocutory sale, the result will be a decrease in the amount of proceeds available for any judgment that the Plaintiff receives. In order to preserve the amount of funds available to satisfy any judgment the Plaintiff receives and decrease the expenses, this Honorable Court should grant Plaintiff's Motion for Interlocutory Sale.

Plaintiff commenced this *in rem* action, in part, to deliver marketable title to the Vessel, free and clear of all maritime liens and encumbrances to a prospective buyer. The expense of keeping defendant Vessel *in custodia legis* are continuing and disproportionate and are eroding Plaintiff's security in the Vessel. Given the condition of the Vessel, and the fact that it remains

idle in storage, Plaintiff believes that the Vessel should be sold for the following reasons: (i) to deliver clear and marketable title to the Vessel; (ii) to satisfy the costs and expenses of the United States Marshals Service, the substitute custodian, and Plaintiff herein; and (iii) to satisfy, in whole or in part, the judgment which Plaintiff seeks to have entered against the Vessel in this matter.

### III.   CONCLUSION

Based upon the foregoing, Plaintiff requests that this Honorable Court order the interlocutory sale of the F/V GEORGIE J at public auction.

WHEREFORE, Plaintiff moves for the entry of the following orders:

1. That the United States Marshal for the District of Massachusetts be directed to sell defendant vessel, F/V GEORGIE J. (O.N. 502064), (O.N. 502064), her engines, boilers, equipment, machinery, tackle, furnishings, apparel, appurtenances, etc., including, but not limited to, its commercial fishing licenses, permits, limited entry rights, quotas, moratorium permits/licenses, and all other fishing rights, history, privileges, or entitlements arising from, issued to, attaching to, or appurtenant to said vessel at public auction for the highest price that can be obtained;

2. That the public auction take place on September 10, 2004 at 11:00 a.m. on or adjacent to F/V GEORGIE J which is currently located at Fairhaven Shipyard & Marina, Inc., 50 Fort Street, Fairhaven, Massachusetts 02719;

3. That Plaintiff, or the United States Marshal, shall give notice of the date, time, and place of the sale to (i) the vessel owner, mortgagees, and all lien holders of record with the United States Coast Guard's National Vessel Documentation Center by first class

mail and (ii) the public-at-large by advertising same at least once per week for two successive weeks in the New Bedford Standard Times and the Boston Herald, the first notice to be published at least seven (7) days prior the date of sale;

4. That the United States Marshal be directed to require at said sale to have a minimum bid of $1,000,000.00;

5. That the United States Marshal be directed to require at said sale that the highest bidder deposit with the United States Marshal on the day of sale the sum of $10,000.00 in cash or certified check payable to the United States Marshal for the District of Massachusetts with the balance to be paid at or before the confirmation hearing;

6. That the United States Marshal be directed to pay into the Registry of the United States District Court for the District of Massachusetts any and all monies received as a result of said sale;

7. That the United States Marshal prepare such documents and reports as may be necessary for the confirmation of the sale by the United States District Court. The confirmation hearing shall be held at the United States District Court at Boston, Massachusetts on September 23, 2004 at 2:00; and

8. That such other relief shall be granted as may be appropriate.

A proposed order setting forth the above-requested terms and conditions is attached hereto as Exhibit A.

        Respectfully submitted,
        VICTOR CAPALDI,
        By his attorney,


/s/ Carolyn M. Latti
/s/ Carolyn M. Latti
BBO # 567-394
David F. Anderson
BBO # 560-994
LATTI & ANDERSON LLP
30-31 Union Wharf
Boston, MA 02109
Tel. (617) 523-1000

DATED: July 27, 2004