UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VICTOR P. CAPALDI,<br>    Plaintiff, | CIVIL ACTION<br>NO: 04-10843-JLT |

vs.

F/V GEORGIE J, her engines, boilers, equipment, machinery, tackle, furnishings, apparel, appurtenances, etc., including but not limited to, its commercial fishing licenses, permits, limited entry rights, quotas, moratorium permits/licenses, and all other fishing rights, history, privileges, or entitlements arising from, issued to, attaching to, or appurtenant to said vessel, *in rem*
    Defendant.

**CLAIMANT, AGA FISHING CORPORATION'S,
OPPOSITION TO PLAINTIFF'S MOTION FOR INTERLOCUTORY
SALE OF F/V GEORGIE J ON SEPTEMBER 10, 2004
and
MOTION TO STAY THE PROCEEDING**

Now comes the Claimant, AGA Fishing Corporation, in the above-entitled action, by and through its undersigned counsel, and files its Opposition to Plaintiff's Motion for Interlocutory Sale of F/V GEORGIE J on September 10, 2004 and renews its request to stay the proceedings in this action.

As grounds in support of this Opposition and stay request, the Claimant submits the following for the Court's consideration.

**ARGUMENT**

The plaintiff sustained personal injuries on November 25, 2003 while working onboard the F/V GEORGIE J, which is owned and operated by the Claimant.

On **April 5, 2004**, the Claimant entered into a binding and enforceable Purchase & Sale Agreement with Warren Alexander.  The Purchase & Sale Agreement consideration is $900,000.00.  *A copy of which is attached hereto as Exhibit "A"*

On or about **April 14, 2004**, the plaintiff commenced an *In Personam* action against the Claimant to recover for his personal injuries.  The *In Personam* action is also pending before this Honorable Court (Civil Action No: 04-10755).

On or about **April 28, 2004**, the plaintiff also commenced this *In Rem* action against the F/V GEORGIE J pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims to recover for his personal injuries.

On **May 4, 2004** and upon plaintiff's motion, the F/V GEORGIE J was arrested by the United States Marshall.  The

vessel remains in the custody of the United States Marshall and is incurring *custodial legis* expenses at approximately $3,000.00 to $4,000.00 per month. The vessel was arrested in order to obtain security should the plaintiff obtain a favorable Judgment against the *In Rem* defendant for his personal injuries. The plaintiff is alleging $10,000,000.00 in damages as a result of his personal injuries.

The insurance coverage available to the Claimant, AGA Fishing Corporation, for the plaintiff's personal injuries is limited. There is a primary and excess Protection & Indemnity Policy. The primary and excess policies are expense and defense draw-down policies. As such, the amount of coverage is reduced by any and all costs for defending this action, as well as the pending *In Personam* action. AGA Fishing Corporation's maintenance and cure obligation have already exhausted the coverage in the primary policy.

In addition to the limited insurance proceeds, the F/V GEORGIE J has a $130,000.00 outstanding preferred ship's mortgage. The preferred ship's mortgage is personally guaranteed by the Antonette Jones, the President of the Claimant, AGA Fishing Corporation.

On **June 16, 2004**, counsel for the parties met to discuss a compromised settlement, but were unable to reach a mutual agreement on the settlement principle and procedure for this claim.  At that meeting, attorney Muzyka presented attorneys Anderson and Latti with a financial evaluation wherein a disposition could be accomplished which would gross the plaintiff $1,488,467.65.  Attorney Muzyka advised that he was willing to recommend a settlement at the level of some $1,300,000.00 to conclude this matter and avoid any further expenses.  This required the deduction of the outstanding mortgage ($129,148.52), corporate operating expenses owed ($13,698.90), and legal fees ($22,280.35).  This disposition would have realized the maximum recovery for the plaintiff with no further litigation costs, but would have paid the Claimant's outstanding indebtedness. The Claimant would have been left with no assets. *A copy of the financial evaluation is attached hereto as Exhibit "B"*

On **June 17, 2004**, attorney Muzyka forwarded a facsimile to attorneys Anderson and Latti confirming the above and agreeing to provide documentary inspection of the Claimant's financial information.  *A copy of this facsimile is attached hereto as Exhibit "C"*

5

On **June 28, 2004** after attorney Latti advised that a settlement was not possible, attorney Muzyka filed Claimant's Motion to Stay The Proceeding.  The Claimant requested that this action, as well as the *In Personam* action, be stayed until settlement negotiations are exhausted.  The Claimant also requested this Honorable Court's assistance in resolving this matter.  The Claimant submitted that to continue to defend these actions, the defense costs will increase and the amount of available insurance proceeds for settlement will be further depleted.  There was no benefit to any of the parties, if the amount of available insurance proceeds was further depleted.  *A copy of the Claimant's Motion to Stay The Proceedings is attached hereto as Exhibit "D"*

On **July 12, 2004**, the plaintiff filed his Opposition to the Motion to Stay the Proceedings.  Attorney Latti argues that the vessel is worth $1.1 to 1.5 million dollars.  There is no buyer identified at that level nor is there a value survey submitted in support thereof.  It is generally recognized that if a vessel goes to Marshall sale, it doe not command its fair market value and usually sells for substantially less.  The private sale to Warren Alexander may very well be the highest value without risking a lower recovery upon a Marshall's sale.  *A copy*

*of the Plaintiff's Opposition to Claimant's, AGA Fishing Corporations Motion to Stay The Proceedings is attached hereto as Exhibit "E"*

On **August 3, 2004**, attorney Latti is threatening to sue the Claimant's underwriter under MGL, c. 93A and 176D for **failing to settle the maintenance and cure liability only**. This is being satisfied and is not in issue. However, the issues of Jones Act negligence and unseaworthiness remain outstanding. *A copy of attorney Latti's letter of August 3, 2004 is attached hereto as Exhibit "F"*

The Claimant seeks to resolve all the claims in these two actions in an equitable and final disposition. By having further legal proceedings, the amounts available will be reduced and the prospect of any monetary gains will be off-set by continuing costs.

**WHEREFORE**, the Claimant, AGA Fishing Corporation, of the F/V GEORGIE J prays that this Honorable Court stay this action and the pending *In Personam* action and in the interim the Claimant respectfully requests that this Honorable Court assist in settlement discussions.

The Claimant requests a hearing at the Court's earliest convenience.

By its attorneys,

**CLINTON & MUZYKA, P.C.**


"/s/ Thomas J. Muzyka_
**Thomas J. Muzyka**
**BBO NO: 365540**
**Kenneth M. Chiarello**
**BBO NO: 639274**
One Washington Mall
Suite 1400
Boston, MA 02108



Dated:   August 10, 2004