# CLINTON & MUZYKA, P.C.

ATTORNEYS AT LAW
ONE WASHINGTON MALL, SUITE 1400
BOSTON, MASSACHUSETTS 02108

THOMAS E. CLINTON
THOMAS J. MUZYKA
ROBERT E. COLLINS*
KENNETH M. CHIARELLO
TERENCE G. KENNEALLY

ARTHUR P. SKARMEAS**
Of Counsel

*Also admitted in RI
**Also admitted in NH

June 17, 2004
*Via Facsimile*

TELEPHONE
(617) 723-9165
FACSIMILE
(617) 720-3489
E-MAIL:
c&m@clinmuzyka.com

Latti & Anderson, LLP
30-31 Union Wharf
Boston, MA 02109

Attention:   Carolyn M. Latti, Esquire
             David F. Anderson, Esquire

RE:   Victor P. Capaldi vs.
      F/V GEORGIE J
      Civil Action No: 04-10843-JLT

      Victor P. Capaldi vs.
      AGA Fishing Corporation
      Civil Action No: 04-10755-JLT

Gentlemen:

We refer to our meeting yesterday wherein we advised that the vessel owner is prepared to settle this matter to avoid litigation and the costs of litigation for the benefit of Mr. Capaldi. As we discussed yesterday, our client is willing to provide a payment to Mr. Capaldi at the level of approximately $1,300,000.00 consistent with the information provided in the financial analysis document which we provided to you yesterday. Accordingly, the amounts change on a day to day basis and as

EXHIBIT "C"

expenses are paid and our client's offer will change with regard to the expenses satisfied since yesterday.

Just for clarity purposes, we are submitting this writing. Your concerns yesterday about the fiscal condition of the corporation and its general accounting practices, we understand. However yesterday, neither one of you were prepared to commit to a settlement in principle and were merely probing for information without authority from your client. As I stated yesterday, we are willing to provide information to you to support the corporate accounting practices and to permit you to review its books from the time of the injury to the present provided that you confirm in writing that your client is willing in principle to settle under the terms as we have discussed.

Again for clarity purposes, the purpose of our meeting was to attempt to conclude this matter by an immediate payment to your client wherein your client receives the remaining funds in the insurance policy together with the $900,000.00 vessel's sale proceeds. From this amount, there is deducted the vessel's outstanding mortgage, the outstanding operating expenses, and the legal defense expenses incurred to date and continuing. Our client has requested and we presented that it receive an amount of approximately $23,339.88 and that the plaintiff receive $1,300,000.00 as a result of this settlement. That is the basis to which our client presents this settlement in principle and to which

neither one of you yesterday were able to commit.

Once your client has committed to this settlement in principle and has provided confirmation to us in writing, we will be in a position to further disclose information to you on the vessel accounting practices from the time of the injury to the present.

We trust is clear for your purposes.

If you have any questions concerning the content of this, please do not hesitate to advise.

Very truly yours,

Thomas J. Muzyka

TJM:cm

cc:   Pamela Lafreniere, Esquire
      *Via Facsimile*