UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

VICTOR P. CAPALDI,                    CIVIL ACTION
    Plaintiff,                     NO: 04-10843-JLT

vs.

F/V GEORGIE J, her engines, boilers,
equipment, machinery, tackle,
furnishings, apparel, appurtenances,
etc., including but not limited to,
its commercial fishing licenses, permits,
limited entry rights, quotas, moratorium
permits/licenses, and all other fishing
rights, history, privileges, or
entitlements arising from, issued to,
attaching to, or appurtenant to said
vessel, *in rem*
    Defendant.

### CLAIMANT, WARREN ALEXANDER'S, OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO THE HAVE COURT DETERMINE THE AMOUNT OF DEPOSIT TO THE INTERLOCUTORY SALE OF THE F/V GEORGIE J ON OCTOBER 20, 2004

Now comes the Claimant, Warren Alexander, in the above-entitled action, by and through his attorney, and submits its Opposition to Plaintiff's Emergency Motion to Have the Court Determine the Amount of Deposit to the Interlocutory Sale of the F/V GEORGIE J on October 20, 2004. As a basis therefore, Claimant states the following:

A hearing was held before this Honorable Court on September 13, 2004 on Plaintiff's Motion for Interlocutory

Sale of the Vessel.  Plaintiff alleges that he was a crewmember of the F/V GEORGIE J on November 25, 2003, when he sustained a personal injury.  Plaintiff seeks the sale of the vessel as security for his claim for personal injury damages.  At that hearing, this Honorable Court granted the Motion for Interlocutory Sale of the Vessel, <u>agreeing with the plaintiff to a minimum bid at the level of $1,000,000.00.</u>  Claimant, Warren Alexander, maintains he has a valid and enforceable Purchase and Sale Agreement for the vessel at the level of $900,000.00.

    At the hearing, the amount of deposit by a prospective buyer for the vessel was specifically discussed with the Court by the undersigned.  This Court indicated that the amount of deposit should be determined by the U.S. Marshal's Office.

    Subsequent to the hearing, discussions were held with Ms. Alison Hodgkins of the United States Marshal.  She indicated that the customary deposit for the sale of a vessel is ten (10) percent of the purchase price.  She was uncertain whether this percentage was established by statute, regulation, or internal guidelines, but indicated that she would revert to the attorneys in this regard after further researching the issue.  After not receiving a response, Claimant's counsel contacted the U.S.

Marshal's Office the following week and was advised that Ms. Hodgins was on vacation until September 27, 2004. After receiving Plaintiff's Emergency Motion, Claimant's counsel again attempted to contact Ms. Hodgkins on September 27, 2004. Claimant's counsel has not received a response.

This Honorable Court has indicated that the amount of deposit should be determined by the U.S. Marshal's Office and the U.S. Marshal's Office has indicated that a ten (10) percent deposit is customary. Notwithstanding, plaintiff's counsel now challenges the ten (10) percent on the basis that it is unreasonable. There is no indication from the U.S. Marshal's Office that a ten (10) percent deposit under these circumstances is unreasonable, or that the customary ten (10) percent should not otherwise be applied in this case. Accordingly, the Claimant prays that this Honorable Court enter an Order consistent with the custom and practices of the United States Marshal's Office, and require a ten (10) percent deposit of the purchase price.

The plaintiff, relying upon the sales of the M/V NEW MOON and F/V PRINCE OF PEACE, contends that a $10,000.00 deposit is reasonable and should be required in this case. However, there is no information in those cases concerning

the fair market value of the vessels and, as a result; this Court cannot determine what percentage of the sale the $10,000.00 deposit comprises.  Additionally, those cases did not involve a minimum bid, which has been established by this Court at the level of $1,000,000.00.  The cases relied upon by the plaintiff do not support his position that a deposit at the level of ten (10) percent under these circumstances is unreasonable.

The plaintiff also attempts to make an argument for "reasonableness" on the proposition that the Purchase and Sale Agreement between AGA Fishing Corporation and Warren Alexander only required a deposit of $20,000.00.  Plaintiff's argument lacks credibility.  A purchase and sale of a vessel between a buyer and seller involves much more uncertainty at the initial stage.  The status of the licenses must be obtained and the required due diligence is much more extensive.  Here, there is no reason to perform any due diligence as the sale of a vessel by the U.S. Marshal's Office is free and clear of any pre-existing liens.  There is no fear that an unrecorded lien will follow the vessel or that recorded liens will not be satisfied by the vessel owner.

The U.S. Marshal's Office requires a ten (10) percent deposit for the purpose of inviting bids by parties that

able to obtain financing to complete the sale.  Requiring a deposit at the level of two (2) percent, as requested by the plaintiff, will invite bids by parties unable to obtain financing.  This will result in a waste of resources by this Honorable Court and the U.S. Marshal's Office.

    **WHEREFORE**, the Claimant, Warren Alexander, prays that this Honorable Court require a ten (10) percent deposit, which is consistent with the custom and practice of the Marshal's Office.

> By its attorneys,
>
> **CLINTON & MUZYKA, P.C.**
>
> "/s/ Robert E. Collins"
> **Robert E. Collins**
> **BBO NO: 555843**
> One Washington Mall
> Suite 1400
> Boston, MA 02108

Dated:   September 28, 2004